UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALAN COLE, VINCENT COLE,
and JORDAN COLE,

      Plaintiffs,

v.                                                      Case No. 09-10941
                                                      Hon. Lawrence P. Zatkoff

CITY OF DEARBORN, EDWARD
VILLEMAIRE, RICHARD MICHALSKI,
SGT. CONRAD and OTHER UNKNOWN
DEFENDANTS,

      Defendants.
      _____/

## ORDER

      This matter is before the Court on Defendants' unopposed Motion to Dismiss *pro se* Plaintiff Vincent Cole ("VC") [dkt 65]. On November 24, 2009, VC's deposition was properly noticed for January 28, 2010. VC failed to appear for the scheduled deposition. Rule 37 of the Federal Rules of Civil Procedure discusses failures of a party to cooperate in discovery, and sanctions available to the parties aggrieved by such failures. Rule 37(d)(1)(A) states in pertinent part:

> The Court where the action is pending may, on motion, order sanctions if: (i) a party . . . fails, after being served with proper notice, to appear for that person's deposition . . . . Sanctions may include any of the orders listed in Rule 37(b)(2)(A).

      Rule 37(b)(2)(A) provides that "dismissing an action or proceeding in whole or in part" is one of the sanctions the Court may impose for failure of a party to appear at its own deposition. In the instant case, dismissal of the action is a proper sanction to be imposed upon Plaintiff.

Further, the Sixth Circuit has recognized the right to grant dismissal under Rule 37(d) based on the failure of a party to appear at its own deposition. In *McCoy v. Jackson Police Department,* 2009 U.S. Dist. LEXIS 4949 (E.D. Mich., January 23, 2009), the Court dismissed the *pro se* plaintiff's claims due to his failure to appear at deposition.

Additionally, on February 10, 2012, the Court issued an Order for VC to show cause why he should not be dismissed for failure to appear for deposition.  VC's response to the Order to Show Cause was due February 20, 2012.  As of the time of this Order, VC has failed to file a response.

Due to VC's failure to attend his deposition and continued failure to abide by the Court's Orders, Defendants have been deprived of their opportunity to depose VC, and thus are substantially prejudiced in defending themselves against his claims.

Accordingly, it is HEREBY ORDERED that Plaintiff Vincent Cole is dismissed from this case with prejudice.

IT IS SO ORDERED.

Date:   February 29, 2012

                                                                                  s/Lawrence P. Zatkoff
                                                                                  Lawrence P. Zatkoff
                                                                                  U.S. District Judge